## 33144. WILKES *v*. THE STATE.

GARDNER, J. (*a*) The defendant was indicted jointly with Aubrey Jackson for assault with intent to murder O. J. Clarke, a policeman, by cutting the policeman ·with a knife or other sharp instrument, to the grand jurors unknown. The State elected to sever, and put the defendant in the instant case on trial. The jury returned a verdict of guilty. The defendant filed a motion for a new trial on the general grounds and amended by adding a special ground on alleged newly discovered evidence. Counsel for the defendant admit that the evidence for the State, although in sharp contrast in many respects with the evidence for the defendant, is sufficient to sustain the verdict of guilty on the general grounds, and they do not ask for a reversal on the general grounds, but argue the evidence in relation to the general grounds for the purpose of showing that the evidence for the State on the general grounds is of such a weak nature that if a new trial should be granted by this court on the special ground of newly discovered evidence the jury on another trial would probably find a different verdict. After a careful consideration of the evidence as to the general grounds, we think the evidence ample to sustain the verdict.

(*b*) It is true, as stated in *McDaniel* v. *State*, 74 *Ga. App.* 5(1) (38 S. E. 2d, 697), that: "The real ultimate criterion by which the merit of such testimony [newly disecovered evidence] should be measured is a probability of a different result; and when that probability appears, the ends of justice require that a new trial be granted." In the same case at page 14, this court held that new trials may be granted on newly discovered evidence, but they are not favored. It is elementary that this court will never reverse ·a case on account of newly discovered evidence, unless a trial court abuses its discretion in overruling the motion for a new trial on newly discovered evidence. The newly discovered evidence in the instant case is in the main, if not entirely, impeaching in effect and not likely to produce a different result on another trial. One Hollis Conner, the witness by whom the defendant proposes to prove on another trial that Aubrey Jackson and not the defendant inflicted the wounds on the policeman, testified in the instant case that he did not cut the policeman. So did other witnesses. Moreover, the State made a countershowing to the effect that the reputation of Hollis Conner for veracity is bad and that because of that reputation Hollis Conner is not worthy of belief under oath.

Under all the facts of the case the court did not abuse its discretion in overruling the special ground with reference to newly discovered evidence and did not err in overruling a motion for a new trial for any of the reasons assigned.

Judgment affirmed. *MacIntyre, P.J., and Townsend J., concur.*

DECIDED JULY 14, 1950. REHEARING DENIED JULY 28, 1950.

*Jackson & Graham,* for plaintiff in error.

*Roger H. Lawson, Solicitor-General, J. Wade Johnson Jr.,* contra.